UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN LAMAR WILBURN,

        Petitioner,               Case Number: 2:18-CV-10253
                                         HON. DENISE PAGE HOOD

v.

DANIEL LESATZ,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE

Michigan state prisoner Marvin Lamar Wilburn filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his convictions for carjacking, Mich. Comp. Laws § 750.529a, armed robbery, Mich. Comp. Laws § 750.529, carrying a concealed weapon, Mich. Comp. Laws § 750.227, possession of a firearm by a felon, Mich. Comp. Laws § 750.224f, unlawfully driving away an automobile, Mich. Comp. Laws § 750.413, and three counts of possession of a firearm during the commission of a felony, second offense, Mich. Comp. Laws § 750.227b(2). The petition raises five claims for relief, all of which were fully exhausted in state court. Petitioner asks the Court to hold this proceeding in abeyance to allow him to exhaust new claims in state court. For the reasons

explained below, the Court denies the motion.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In this case, it appears that Petitioner exhausted his current habeas claims on direct appeal in the state courts. He asks the Court to hold the petition in abeyance so he may file a successive motion for relief from judgment raising "additional issues that need[] to be exhausted." Pet'r's Motion at 3, ECF No. 10. In *Rhines v.*

*Weber*, 544 U.S. 269 (2005), the Supreme Court approved a procedure for holding habeas corpus actions in abeyance to allow petitioners to return to the state courts to present unexhausted claims. The Court recognized a district court's discretion to stay a habeas corpus proceeding pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust and if petitioner's unexhausted claims are not "plainly meritless." *Id.* at 277-78.

Petitioner asks for a stay, but does not identify the unexhausted claim or claims he wishes to raise in state court. He has neither asserted nor shown good cause for failing to exhaust his unidentified claim(s), nor can the court assess the merits of unidentified claims. Considering the factors discussed in *Rhines*, Petitioner fails to present a basis on which the court may stay these proceedings.

Accordingly, the Court DENIES Petitioner's Motion to Hold Habeas Petition in Abeyance (ECF No. 10).

s/Denise Page Hood  
Chief Judge, United States District Court

Dated: October 30, 2019