UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN LAMAR WILBURN,

    Petitioner,　　　　　　　　Case Number 2:18-CV-10253
　　　　　　　　　　　　　　　　　HONORABLE DENISE PAGE HOOD
v.　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE

DANIEL LESATZ,

    Respondent.
_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR A WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE**

Marvin Lamar Wilburn, ("Petitioner"), confined at the Baraga Maximum Correctional Facility in Baraga, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for carjacking, M.C.L.A. 750.529a, armed robbery, M.C.L.A. 750.529, carrying a concealed weapon, M.C.L.A. 750.227, unlawfully driving away an automobile, M.C.L.A. 750.413, felon in possession of a firearm, M.C.L.A. 750.224f, and three counts of possession of a firearm in the commission of a felony, second-offense, M.C.L.A. 750.227b(2). Petitioner has now filed a motion hold the petition in abeyance to permit him to return to the state courts to present additional claims that have not been exhausted with the state courts and that are not included in his current habeas petition. The Court holds the petition in

1

abeyance and stays the proceedings under the terms outlined in this opinion to permit petitioner to return to the state courts to exhaust his additional claims. The Court administratively closes the case.

## I. Background

Petitioner was convicted in the Wayne County Circuit Court, where he was tried jointly but before separate juries with co-defendant Isaiah Sanders. A third co-defendant, Andrew Justin Campbell, was tried at the same time by the judge sitting without a jury.

Petitioner's conviction was affirmed on appeal, but the case was remanded to the trial court pursuant to *People v. Lockridge*, 498 Mich. 358, 398, 870 N.W.2d 502 (2015), which had invalidated Michigan's Sentencing Guidelines, for the judge to determine whether or not she would have imposed the same sentence even without the sentencing guidelines. *People v. Campbell*, No. 327059, 2016 WL 6127576 (Mich. Ct. App. Oct. 18, 2016); *lv. den.* 500 Mich. 983, 894 N.W.2d 48 (2017).

Petitioner filed a habeas petition, seeking habeas relief on the grounds that he raised on his direct appeal.

Petitioner also filed a motion to hold the petition in abeyance so he can exhaust additional claims.

## II. Discussion

Petitioner filed a motion to hold the habeas petition in abeyance so that he can return to the state courts to raise claims that have not been exhausted with the state courts and which are not included in the current petition. [1]

A federal district court has the authority to stay a fully exhausted federal habeas petition pending the exhaustion of additional claims in the state courts. *See Nowaczyk v. Warden, New Hampshire State Prison,* 299 F.3d 69, 77-79 (1st Cir. 2002)(holding that district courts should "take seriously any request for a stay."); *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); s*ee also Bowling v. Haeberline,* 246 F. App'x 303, 306 (6th Cir. 2007)(a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served")(quoting *Nowaczyk*, 299 F.3d at 83); *see also Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015)(same). Although there is no bright-line rule that a district court

---

[1] Petitioner in his motion to hold the petition in abeyance argues that he wishes to file a successive motion for relief from judgment and has newly discovered evidence that would permit petitioner to come within the exception to the general rule that a prisoner in Michigan can only file one post-conviction motion for relief from judgment. *See* M.C.R. 6.502(G). A review of the original petition, respondent's answer, and the Rule 5 materials, however, shows that petitioner has yet to file a post-conviction motion with the state courts. The Court has also reviewed the docket sheet for petitioner's case out of the Wayne County Circuit Court. https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=2433181. There is no indication petitioner has filed a post-conviction motion, hence, he is not barred under M.C.R. 6.502(G) from seeking post-conviction relief in the Michigan courts.

can never dismiss a fully-exhausted habeas petition because of the pendency of unexhausted claims in state court, for a federal court to justify departing from the "heavy obligation to exercise jurisdiction," there must be some compelling reason to prefer a dismissal over a stay. *Nowaczyk*, 299 F.3d at 82 (internal quotation omitted); *see also Bowling,* 246 F. App'x at 306 (district court erred in dismissing petition containing only exhausted claims, as opposed to exercising its jurisdiction over petition, merely because petitioner had independent proceeding pending in state court involving other claims).

The Court grants petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust additional claims. The outright dismissal of the petition, albeit without prejudice, might preclude the consideration of petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1).

Other considerations support holding the petition in abeyance while petitioner returns to the state courts to exhaust his new claims. In particular, "the Court considers the consequences to the habeas petitioner if it were to proceed to adjudicate the petition and find that relief is not warranted before the state courts ruled on unexhausted claims. In that scenario, should the petitioner subsequently seek habeas relief on the claims the state courts rejected, he would have to clear the

high hurdle of filing a second habeas petition." *Thomas,* 89 F. Supp. 3d at 942 (citing 28 U.S.C. 2244(b)(2)). Moreover, "[I]f this Court were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." *Id.*

Other factors support the issuance of a stay. This Court is currently unable to determine whether petitioner's new claims have any merit, thus, the Court cannot say that petitioner's claims are "plainly meritless." *Thomas,* 89 F. Supp. 3d at 943. On the other hand, the Court is unable at this time say that petitioner's new claims plainly warrant habeas relief. *Id.* If the state courts deny post-conviction relief, this Court could still benefit from the state courts' ruling on these claims in determining whether to permit petitioner to amend his petition to add these claims. *Id.* Finally, this Court sees no prejudice to respondent in staying this case, whereas petitioner "could be prejudiced by having to simultaneously fight two proceedings in separate courts and, as noted, if this Court were to rule before the state courts, [petitioner] would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements" should he seek habeas relief on his new claims. *Thomas,* 89 F. Supp. 3d at 943.

However, even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278

(2005). To ensure that there are no delays by petitioner in exhausting his state court remedies, this Court imposes time limits within which petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow petitioner to initiate post-conviction proceedings in the state courts. This tolling is conditioned upon petitioner initiating his state post-conviction remedies within sixty days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of state court post-conviction remedies. *Hargrove v. Brigano,* 300 F.3d 717, 721 (6th Cir. 2002).

### III. ORDER

**IT IS HEREBY ORDERED** that the proceedings are **STAYED** and the Court will hold the habeas petition in abeyance. Petitioner must file a motion for relief from judgment in state court within sixty days of receipt of this order. He shall notify this Court in writing that such motion papers have been filed in state court. If he fails to file a motion or notify the Court that he has done so, the Court will lift the stay and will reinstate the original petition for a writ of habeas corpus to the Court's active docket and will proceed to adjudicate only those claims that were raised in the original petition. After petitioner fully exhausts his new claims, he shall file an amended petition that includes the new claims within sixty days

after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay. Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claims raised in petitioner's original petition.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of the Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas,* 89 F. Supp. 3d at 943-944.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case for statistical purposes.

s/Denise Page Hood  
Chief Judge, United States District

Date: July 30, 2020